# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROMAN JOSE AGUILERA GIG,<br>JESUS GARCIA,<br>ROSAURO MORAO,<br>MANUEL RODRIGUEZ,<br>JUAN RODRIGUEZ, and<br>JHOAN GOMEZ,<br><br>                Defendants. | CRIMINAL NO. 17-cr-00027 |

## GOVERNMENT'S JOINT SENTENCING MEMORANDUM

The United States of America, through its attorney, Gretchen C.F. Shappert, United States Attorney, and Daniel H. Huston, Assistant United States Attorney, hereby file the following Joint Sentencing Memorandum.

## BACKGROUND

Each of the six defendants noted above pled guilty to Count Two of the underlying Amended Information that charged the defendants with Possession of a Controlled Substance on Board Vessel, in violation of 46 U.S.C. § 70503(a)(1). Pursuant to the Plea Agreements, the following is a summary of the relevant facts:

> On May 8, 2017, a Joint Inter-Agency Task Force South Patrol Aircraft located a northbound go fast vessel (GFV) approximately 105 nautical miles west of Martinique. The vessel was located in a known drug trafficking route and multiple fuel barrels and suspicious packages were visible on deck. The U.S. Coast Guard Cutter Donald Horsley was directed to intercept the vessel. Upon arrival, the crew of the GFV was tossing the suspicious packages and fuel barrels overboard. Ultimately, the crew of the Cutter Donald Horsley recovered 8 packages, which contained approximately 162 kilograms of marihuana. The defendants were Venezuelan national crew onboard the GFV.

## SENTENCE ANALYSIS

### A) Statutory Provisions

The defendants pled guilty to Count Two of the Amended Information, Possession of a Controlled Substance on Board Vessel. Count Two charges a violation of Title 46, United States Code Section 70503(a)(1), which carries a term of imprisonment of not less than 5 years and not more than 40 years, a fine not to exceed $5,000,000, a term of supervised release of at least 4 years, and a special monetary assessment of $100.

### B) Sentencing Guideline Calculations

**Base Offense Level**: The Government believes that the base offense level for Count Two is 24 since the amount of drugs involved was between 100 KG and 400 KG of marihuana, to wit: 162 KGs. USSG § 2D1.1(c)(8).

**Specific Offense Characteristics:** If the defendants meet the criteria set forth in subdivisions (1) to (5) of subsection (a) of USSG § 5C1.2, they would be entitled to a two-level reduction and preclude the application of the statutory mandatory minimum sentence requirement. USSG § 2D1.1(b)(17).

**Adjustment for Role in the Offense:** The Government agrees to a mitigation role, minor participation adjustment of 2 levels. USSG § 3B1.2(b).

**Acceptance of Responsibility:** The Government agrees to recommend that the defendants receive a two level reduction credit for acceptance of responsibility at the time of sentencing, assuming the defendants do in fact clearly demonstrate acceptance of responsibility, in accordance with USSG §3E1.1. Assuming the defendants do in fact accept responsibility, the

government agrees to make a motion requesting that the defendants receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b).

As a result of the foregoing calculations, the defendants' total offense level is 17.

As determined by the Presentence Investigation Reports, the defendants' total history score are zero, which establishes a criminal history category of I.

**Guideline Provisions:** Based upon a total offense level of 17 and a criminal history category of I, the guideline imprisonment range is 24 – 30 months.

**Fine Range:** If the adjusted offense level is 17, the fine range is $10,000 to $95,000. (USSG § 5E1.2(c)(3)).

**Supervised Release:** The Sentencing Guidelines require a term of supervised release of 2 to 5 years. (USSG § 5D1.2(a)(1)).

## LEGAL STANDARDS

After United States v. Booker, 543 U.S. 220 (2005), sentencing, regarding federal violations of federal law, involves a three-step process: (1) "district courts are to calculate a defendant's sentencing Guidelines range precisely as they would have before pre-Booker;" (2) courts must formally rule on any departure motions "and state on the record whether they were granting a departure and, if so, how such a departure affects the initial Guidelines calculation;" and (3) courts "are required to exercise their discretion by considering the relevant 18 U.S.C. §3553(a) factors in setting their sentences, regardless of whether it varies from the original calculation." United States v. Fumo, 655 F.3d 288, 329 (3d Cir. 2011); accord United States v. Goff, 501 F.3d 250, 254 (3d Cir. 2007).

1. **Guideline Calculations**

As detailed above, the guideline term of imprisonment is 24 - 30 months.

## 2. No Guideline Departure Is Warranted

Pursuant to the Plea Agreements, the parties agreed that there are no grounds for departure from the applicable guideline range, and none is warranted. Accordingly, no downward departure should be granted, and the advisory guideline sentence detailed above should remain unchanged. If the Court is contemplating a departure "from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission," it must give the parties "reasonable notice." Fed. R. Crim. P. 32(h); see Izirarry v. United States, 553 U.S. 708, 713-14 (2008); United States v. Vampire Nation, 451 F.3d 189, 197-98 (3d Cir. 2006).

## 3. No Variance is Warranted

Finally, in Step 3 this Court may "tailor the sentence in light of other statutory concerns reflected in the sentencing factors of §3553(a)." United States v. Merced, 603 F.3d 203, 213 (3d Cir. 2010) (internal quotation marks omitted). The Court must give "rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a)" and make an "individualized assessment based on the facts presented." United States v. Tomko, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Under §3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. §3553(a). Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

effective manner." 18 U.S.C. §3553(a)(2). In determining the sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1), "the kinds of sentences available," §3553(a)(3), the guidelines and guideline range, §3553(a)(4), the guidelines' policy statements, §3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6), and "the need to provide restitution to any victims of the offense," §3553(a)(7).

Under the circumstances here, there is no justification for a variance. As this Court is well aware, the influx of illegal drugs and its effect on this community is dramatic. It is the Government's position that a 25-month imprisonment will adequately reflect the seriousness of the offense, promote respect for the law, and justly punish defendant. Hopefully, it will also defer others who may be inclined to engage in this type of criminal behavior.

## **CONCLUSION**

For the foregoing reasons, the Government recommends the imposition of a 25-month prison sentence. It is the Government's position that this sentence of imprisonment is sufficient, but not greater than necessary, to ensure that the sentence achieves the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

DATED: February 2, 2019   GRETCHEN C.F. SHAPPERT
United States Attorney

By:   */s/ Daniel H. Huston*
Daniel H. Huston
Assistant U.S. Attorney
U.S. Attorney's Office
1108 King Street, Suite 201
Christiansted, VI 00820
Telephone: (340) 773-4878
Email: daniel.huston@usdoj.gov

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of February 2019, I electronically filed the foregoing Government's Sentencing Memorandum with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to the defense counsel of record, that is:

Counsel for Roman Jose Aguilera Gig
Alex Omar Rosa-Ambert, Esq.
Rosa-Ambert Law Offices
MCS Plaza 255 Ponce de Leon Avenue
San Juan, Puerto Rico
Phone: (787) 422-9822
E-mail: alomro@gmail.com

Counsel for Jhoan Gomez
Jeffrey B.C. Moorhead, Esq.
#1132 King Street
Christiansted, St. Croix 00820-4953
Phone: (340) 773-2539
E-mail: jeffreymlaw@yahoo.com

Counsel for Jesus Garcia
Jason Gonzalez-Delgado, Esq.
P.O. Box 191365
252 Ponce De Leon Avenue
Suite 400
Hato Rey, Puerto Rico 00918
Phone: (787) 536-5306
E-mail: jasonfed@gmail.com

Counsel for Rosauro Morao
Juan F. Matos de Juan, Esq.
#255 Ponce De Leon Avenue
Suite 1207
Hato Rey, Puerto Rico 00917
Phone: (787) 764-6752
E-mail: matosdejuan@gmail.com

Counsel for Manuel Rodriguez
Edgar L. Sanchez-Mercado, Esq.
MCS Plaza 255 Ponce De Leon
Suite 1207
San Juan, Puerto Rico 00917
Phone: (787) 764-6752
E-mail: esmlawoffice@gmail.com

Counsel for Juan Rodriguez
Anthony R. Kiture, Esq.
Law Office of Anthony R. Kiture
#1009 North Street, Suite B
Christiansted, St. Croix 00820-5019
Phone: (340) 773-4590
E-mail: anthonyrkiture@netscape.net

*/s/ Daniel H. Huston*
Daniel H. Huston
Assistant U.S. Attorney