# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>JHOAN GOMEZ )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL NO. 17-CR-027-007 |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Jhoan Manuel Gomez-Gomez ("Mr. Gomez"), by his attorney, Jeffrey B. C. Moorhead, and respectfully submits his Sentencing Memorandum and as grounds therefore, states as follows:

**Venezuela's Sucre State**

This South American country has four major cities and when times are hard, the sooty, crowded capital gets the lion's share of resources. This means the collapse of the economy in the rest of the country particularly Sucre State, has been far more savage, and less visible.

In the coastal state of Sucre, the emergency room floods daily and patients help hospital staff members sweep out muddy water out with brooms. Children and adults sleep through the afternoon. With no hope of buying enough food, it makes more sense to conserve energy. Families fill the empty time talking about things they wish they could afford: pasta, corn, flour and sugar. Produce never makes the wish list. Fresh water is scarce. The schedules at schools in Sucre are determined by whether or not there is food for students, and many classes are

suspended due to lack of drinking water. Hospitals lack basic supplies, so doctors wash and reuse materials like sutures, and many new mothers get infections as a result.[1]

More than 2 million people have fled the country's soaring hyperinflation and severe food and medical shortages over the past two years. The minimum wage, which most Venezuelans earn, amounts to less than $6 a month, and it is common to see people scouring garbage for food in the streets of Sucre.

According to a study by three Universities in Venezuela, 74.3 percent of the population lost an average of 19 pounds of weight in 2015 and around 9.6 million Venezuelans ate two or fewer meals per day. Eighty-one percent of Venezuelans, 31.5 million people are considered to be living in income poverty, while over 51 percent are estimated to be living in extreme poverty. Additionally, the IMF predicts that inflation will reach 13,000 percent by the coming year, making it the biggest recession in the history of the Western Hemisphere – twice as large as the Great Depression.

**Factual and Procedural Background**

Jhoan Gomez, 29, was born in the coastal town of Sucre, Venezuela. He has lived there his entire life. He entered a plea of guilty to Count 2 of the Amended Information which charges the offense of Possession of Controlled Substance on Board Vessel of 46 U.S.C. §70503 (a)(1), 21 U.S.C. §960(b)(2)(G) and carries a minimum sentence of 5 years imprisonment and a maximum term of 40 years, a maximum fine of Five Million Dollars ($5,000,000.00) a term of

---

[1] Associated Press. December 9, 2016.

supervised release of one (1) to three (3) years, and a One Hundred Dollars ($100.00) mandatory special monetary assessment.

The written plea agreement between Mr. Gomez and the Government provides that in exchange for a plea of guilty to Count 2, he will receive a three (3) level reduction for acceptance of responsibility USSG §3E1.1, and the dismissal of all of the remaining counts in the indictment. Sentencing is currently scheduled for **February 28, 2019 at 1:00 p.m.**

Jhoan was raised in abject poverty by his mother and maternal grandparents. His upbringing was extremely hard. When he was young he went to sleep hungry every night. He began working in construction at the age of ten in order to help his family put food on the table. Jhoan's father died in 2008 of diabetes and was never around and never provided any financial support. Mr. Gomez has no children and has never been married. He obtained a high school diploma from Ciceo Antonio Jose de Sucre however he cannot recall the year he graduated. Like all children in Sucre, you go to school in order to get a free meal when food is available. Mr. Gomez worked in construction or fishing where he seldom made more than $1 on a good day.

On May 7, 2016, Mr. Gomez got in a fourteen-foot boat with six other men, several hundred gallons of gasoline and eight bales of marijuana. Their mission was to transport 162 kg. of marijuana a to the island of Martinique. He was promised $500 for his work. Enough money to feed his entire family for two months.

## Discussion

The Sentencing Court must treat the Federal Sentencing Guidelines as advisory. *United States v. Booker,* 543 U.S. 220 (2005). In doing so, the court must employ a three step approach to determine the sentence in a particular case. *Gall v United States*, 128 S. Ct. 586 (2007).

First, the court should correctly apply the Guidelines to determine the advisory sentencing range. Second, the court should determine if a traditional Guideline departure applies. Third, the court should determine if a non-Guideline sentence, or variance, is appropriate based on consideration of the §3533(a) factors. In so doing, the court must allow the Government and the Defendant an opportunity to argue for whatever sentence they deem appropriate. Then the sentencing court must consider all of the factors set forth in §3533(a), make an individualized assessment based on the facts presented, and impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing. See, *Kinbrough v. United States*, 128 S. Ct. 558 (2007); see also, *United States v. Olhovsky*, 562 F. 3d 530 (3d Cir. 2009); see also, *United States v. Larkin*, 629 F. 3d 177 (3d Cir. 2010) (sentencing court must consider the factors enumerated in §3533(a) in setting the sentence without regards for the Guideline range.)

### The Three Step Approach

**Step 1: Sentencing Guideline Range to be Applied:**

The sentencing range applicable in this case is guided by Mr. Gomez's total Offense Level of 19, giving an imprisonment range of 24 - 30 months. Mr. Gomez was arrested on May

8, 2017 near the island of Martinique. Mr. Gomez requests that the Court imposes a sentence of time served so that he can be deported immediately.

**Step 2: Departures from the Sentencing Guidelines**

The Sentencing Guidelines allow for 24 month sentence. The statutory required minimum sentence of five years, however, is greater than the maximum guideline range; therefore, the guideline term of imprisonment is 24-30 months. See, PSR pg. 14. A sentence in excess of 24 months will be unnecessary and unfair and would serve no rational purpose.

**Step 3: Section 3553 Sentencing Factors**

This Court must consider all the factors set forth in 18 U.S.C. 3553(a) and assess the following:

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), some controlled substance offenders are exempt from mandatory minimum sentencing requirements. (18 U.S.C. §3553(f)). Congress intended to curtail the "harsh effect of mandatory minimum sentences" on first time offenders in drug cases. *U.S. v. Ortiz Santiago*, 211 F.3d 146, 150 (1st Cir. 2000). It is the defendant who bears the burden of proof to establish – by preponderance of the evidence – compliance with safety-valve requirements. *U.S. v. Torres-Landria*, 783 F.3d 58, 67-68 (1st Cir. 2015); *U.S. v. Miranda-Santiago*, 96 F. 3d 517, 529 (1st Cir. 1996).

Mr. Gomez has met all five safety-valve requirements, to wit: (a) he has no prior criminal history; (b) his offense did not involve any threat or violence; (c) there was no victim impact; (d) Mr. Garcia is not a leader, organizer, or supervisor, in fact, he was a minor participant to the offense; and (e) he timely and truthfully volunteered all the information he knew about the offense.

The information provided by Mr. Gomez is the kind the "safety-valve" requires. "[T]he required disclosure must concern the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *U.S. v. Marquez,* 280 F.3d 19, 25 (1st Cir. 2002). Mr. Gomez not only admitted his role and his involvement in the offense, but he also disclosed the involvement of others he knew participated in the offense for which he plead to. This information is sufficient to comply with safety valve requirements. *U.S. v. Miranda-Santiago,* 96 F.3d 517, 529 (1st Cir. 1996). Since Mr. Gomez has met the "safety value" requirements, supervised release is not required by the statute and should not be imposed.

Mr. Gomez has demonstrated acceptance of responsibility for the offense. PSR 8. He realizes that possession of a controlled substance on board a vessel in international waters is a very serious offense. Mr. Gomez knows he participated in a serious crime and fully expects to be punished. However, he requests that the Court not impose a sentence in excess of the time he has already served.

Mr. Gomez is not a person who is inclined to break the law, but instead a decent man who was desperate to feed his family in Venezuela who are living in a humanitarian crisis and do not have enough to eat.

## FINES

Additionally, the Court may impose upon Mr. Gomez a maximum fine $5,000,000.00. In determining an appropriate fine, the court should consider the fact that Mr. Gomez is indigent and will be deported upon his release from prison.

### A Reasonable Sentence

Pursuant to §3553(a), in fashioning a sentence:

The "parsimony clause" of 18 U.S. C. §3553(a) requires this Court to impose a sentence which is "sufficient but not greater than necessary" to satisfy the factors set forth in 18 U.S.C. §3553(a)(2). It is respectfully submitted that a sentence of sixty (60) months in appropriate given all the facts and circumstances of this case, as detailed herein and in the PSR and particular in light of the following factors:

- a.) Mr. Gomez was truthful, and candidly revealed everything he knew about this case;
- b.) Mr. Gomez's age;
- c.) Mr. Gomez has no criminal history;
- d.) His close family ties especially to his mother and maternal grandparents;
- e.) His limited role in this offense;
- f.) The fact that Mr. Gomez did not obstruct justice;
- g.) Mr. Gomez's actions were prompted by desperation, hunger and the urgent need to feed his family in Venezuela who are subject to inhumane treatment and violations of basic human rights.

## VI. Conclusion

Jhoan Gomez is well aware that in fashioning a "reasonable" but not greater than necessary sentence in his case, this Court must consider the nature and circumstances of the offense, 18 U.S.C. §3553(a)(1). To that end, Mr. Gomez has accepted responsibility and he remains profoundly remorseful. He has not objected to the guideline calculations offered in the PSR; however, he has asked this Court to consider the Nature and Circumstances of the offense, his History and Characteristics, and the Need for the Sentence Imposed in mitigation of his sentence. Mr. Gomez got mixed up in the events that resulted in a conspiracy to possess cocaine on one single occasion. He did so not for money or greed. He is an extremely poor 29 year old man who dreamed of feeding his family. As such, Mr. Gomez requests this court to consider all of the above when considering the sentencing factors of 18 U.S.C. §3553 in his sentencing.

Gomez requests that he be deported immediately. While Sucre has no food or medicine, he will be free.

Counsel will have additional comments at the time of sentencing.

Date:   February 15, 2019

Respectfully submitted,

/s/ Jeffrey B. C. Moorhead
Jeffrey B. C. Moorhead, Esq.
V.I. Bar No. 438
Attorney for Defendant
1132 King Street, Suite #3
Christiansted, St. Croix
U.S. Virgin Islands 00820-4943
Tel: (340) 773-2539
Email: jeffreymlaw@yahoo.com

## CERTIFICATE OF SERVICE

    I, HEREBY CERTIFY that on the 15th day of February 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record: Daniel Huston, Esq., 1108 King Street, Suite 21, Christiansted, St. Croix 00820-4951.

                                                     */s/ Jeffrey B. C. Moorhead*
                                                     Jeffrey B. C. Moorhead, Esq.